Ronald K. ROWEN, Petitioner—
Appellant,

v.

William DUNCAN, Warden, California
Mens Colony, Respondent—
Appellee.

No. 03–57035.

United States Court of Appeals,
Ninth Circuit.

Submitted March 24, 2005.*

Decided Aug. 25, 2005.

Ronald K. Rowen, San Luis Obispo, CA, pro se.

David A. Voet, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Ronald K. Rowen appeals pro se the district court's dismissal of his habeas petition. We have jurisdiction under 28 U.S.C. § 2253. We review the district court's dismissal de novo, *Medina v. Hornung,* 386 F.3d 872, 876–77 (9th Cir.2004). We may reverse the district court's dismissal only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Rowen argues that his Fifth Amendment rights were violated by the admission at his state trial of statements during a police interview, because he had not received the warning called for by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The state court of appeal concluded that under *Stansbury v.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*California,* 511 U.S. 318, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) (per curiam), Rowen was not "in custody" during the interrogation and *Miranda* warnings were not required. Rowen was at home, and although he was briefly handcuffed during an initial weapons search, he was interviewed after the handcuffs were removed. The deputy specifically told Rowen he was not under arrest and would not be arrested that day, and did not tell Rowen he could not leave or that he was required to answer. Under the circumstances, a reasonable person would not have believed he was not free to leave.

This was not an unreasonable application of clearly established federal law. *See Yarborough v. Alvarado,* 541 U.S. 652, 124 S.Ct. 2140, 2150, 158 L.Ed.2d 938 (2004) (habeas relief not warranted when state court made reasonable determination that interrogation was not custodial). We therefore AFFIRM the district court.